1  BENJAMIN B. WAGNER
   United States Attorney
2  KEVIN C. KHASIGIAN
   Assistant U. S. Attorney
3  501 I Street, Suite 10-100
   Sacramento, CA  95814
4  Telephone:  (916) 554-2700

5  Attorneys for the United States

6

7

8              IN THE UNITED STATES DISTRICT COURT

9                EASTERN DISTRICT OF CALIFORNIA

10

11 | UNITED STATES OF AMERICA, | 2:14-MC-00153-TLN-EFB
12 | Plaintiff, |
13 | v. | CONSENT JUDGMENT OF FORFEITURE
14 | APPROXIMATELY $65,180.00 IN U.S. CURRENCY, |
15 | |
16 | Defendant. |

17        Pursuant to the Stipulation for Consent Judgment of Forfeiture, the Court finds:

18        1.    On June 10, 2014, the Drug Enforcement Administration ("DEA") seized

19 Approximately $65,180.00 in U.S. Currency (the "defendant currency"), from Paul

20 Tuzzolino ("claimant" or "Tuzzolino") at the YRC Freight ("YRC") facility located in

21 Tracy, California.

22        2.    The DEA commenced administrative forfeiture proceedings, sending direct

23 written notice to all known potential claimants and publishing notice to all others.  On or

24 about September 25, 2014, the DEA received a claim from Tuzzolino asserting ownership

25 interest in the defendant currency.

26        3.    The United States represents that it could show at a forfeiture trial that on

27 June 9, 2014, Tracy Police Department ("TPD") received information regarding a

28 suspicious dock to dock shipment booked through YRC.  The shipment originated in

1
                                                            Consent Judgment of Forfeiture

Tampa, Florida, and was destined for Santa Rosa, California.  On June 10, 2014, law enforcement agents from TPD responded to the YRC terminal located at 1535 E Pescadero Ave, Tracy, California, and intercepted the parcel.

4. The United States represents that it could further show at a forfeiture trial that the parcel was a vintage Coke machine, bearing the shipment number 244-270931-X. The sender of the parcel was listed as Todd Meixner with an YRC address of 9801 Palm River Road, Tampa, Florida.  The recipient was listed as Paul Puzzolino with an YRC address of 270 Dutton Avenue, Santa Rosa, California.  The bill of lading indicated the shipment was paid through a third party shipping company.

5. The United States represents that it could further show at a forfeiture trial that the parcel was presented to a TPD drug detection dog, who positively alerted to the presence of the odor of narcotics.  TPD obtained a state search warrant for the parcel and subsequently executed the warrant.  The search revealed $65,180.00 in cash concealed in the refrigeration unit of the Coke machine.  The cash was rubber banded and divided into two separate freezer bags.  The cash was presented to a second TPD drug detection dog, who positively alerted to the presence of the odor of narcotics.

6. The United States represents that it could further show at a forfeiture trial that law enforcement agents called the phone number listed for the recipient of the shipment and spoke to an individual who identified himself as Paul Tuzzolino.  Tuzzolino confirmed that he was expecting the shipment of a Coke machine, which he had purchased online from an unknown individual.  Tuzzolino was advised of the search warrant and the discovery of the $65,180.00.  Tuzzolino claimed he knew nothing about the cash and denied ownership of the defendant currency.  Tuzzolino was advised that the cash and the Coke machine were being seized.  Law enforcement agents also attempted to contact the sender Todd Meixner, but they were unsuccessful.

7. The United States represents that it could further show at a forfeiture trial that according to the California Employment Development Department, Tuzzolino reported $1,200.00 in wages in 2014.

8. The United States could further show at a forfeiture trial that the defendant currency is forfeitable to the United States pursuant to 21 U.S.C. § 881(a)(6).

9. Without admitting the truth of the factual assertions contained in this stipulation, claimant specifically denying the same, and for the purpose of reaching an amicable resolution and compromise of this matter, claimant agrees that an adequate factual basis exists to support forfeiture of the defendant currency.  Claimant hereby acknowledges that he is the sole owner of the defendant currency, and that no other person or entity has any legitimate claim of interest therein.  Should any person or entity institute any kind of claim or action against the government with regard to its forfeiture of the defendant currency, claimant shall hold harmless and indemnify the United States, as set forth below.

10. This Court has jurisdiction in this matter pursuant to 28 U.S.C. §§ 1345 and 1355, as this is the judicial district in which acts or omissions giving rise to the forfeiture occurred.

11. This Court has venue pursuant to 28 U.S.C. § 1395, as this is the judicial district in which the defendant currency was seized.

12. The parties herein desire to settle this matter pursuant to the terms of a duly executed Stipulation for Consent Judgment of Forfeiture.

Based upon the above findings, and the files and records of the Court, it is hereby ORDERED AND ADJUDGED:

1. The Court adopts the Stipulation for Consent Judgment of Forfeiture entered into by and between the parties.

2. Upon entry of this Consent Judgment of Forfeiture, $49,380.00 of the $65,180.00 in U.S. Currency, together with any interest that may have accrued on the total amount seized, shall be forfeited to the United States pursuant to 21 U.S.C. § 881(a)(6), to be disposed of according to law.

3. Upon entry of this Consent Judgment of Forfeiture, but no later than 60 days thereafter, $15,800.00 of the $65,180.00 in U.S. Currency shall be returned to

claimant Paul Tuzzolino through his attorney Beorn Zepp.

4. The United States of America and its servants, agents, and employees and all other public entities, their servants, agents and employees, are released from any and all liability arising out of or in any way connected with the seizure or forfeiture of the defendant currency.  This is a full and final release applying to all unknown and unanticipated injuries, and/or damages arising out of said seizure or forfeiture, as well as to those now known or disclosed.  Claimants waived the provisions of California Civil Code § 1542.

5. No portion of the stipulated settlement, including statements or admissions made therein, shall be admissible in any criminal action pursuant to Rules 408 and 410(a)(4) of the Federal Rules of Evidence.

6. All parties will bear their own costs and attorney's fees.

7. Pursuant to the Stipulation for Consent Judgment of Forfeiture filed herein, the Court enters a Certificate of Reasonable Cause pursuant to 28 U.S.C. § 2465, that there was reasonable cause for the seizure of the above-described defendant currency.

IT IS SO ORDERED

Dated:  May 12, 2015

_____
Troy L. Nunley
United States District Judge

Consent Judgment of Forfeiture